NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMENCE CORP., | : |
| Plaintiff, | : Civ. No. 05-5097 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| SELLTIS, L.L.C., *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendants Selltis, LLC ("Selltis"), David Erath, Brian Gardner, and Mario Igrec ("Individual Defendants," referred to collectively with Selltis as "Defendants") to dismiss the action by plaintiff Commence Corporation ("Commence") for copyright infringement, common law unfair competition, common law conversion, and injunctive relief. Defendants seek to dismiss the action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406(a), and failure to state a claim upon which relief may be granted under Rule 12(b)(6), or, in the alternative, to transfer venue to the Eastern District of Louisiana under 28 U.S.C. §§ 1404(a) and 1406(a). For the reasons set forth below, Defendants' motion to dismiss is denied.

**I. BACKGROUND**

Selltis is a Louisiana limited liability company, with Erath serving as Chief Executive Officer, Gardner serving as President, and Igrec serving as Chief Technology Officer.

Commence is the developer and exclusive owner of software known as Commence Version 4.1 and Larry Caretsky serves as President.  Selltis negotiated a software license agreement with Commence to allow Selltis to distribute Version 4.1.  The agreement was based upon a one-time payment of $300,000 from Selltis to Commence and the payment was made via wire transfer in one lump sum payment.  The initial term of the license agreement was to expire on December 31, 2003, and an amendment to the license agreement, signed by Erath on December 18, 2003, and Caretsky on December 31, 2003, extended the term to June 30, 2004.

Commence filed its Complaint with this Court on October 21, 2005, alleging that despite the expiration of the agreement, Defendants continue to use and distribute Version 4.1. Defendants filed their motion to dismiss or transfer on January 4, 2006.

## II. ANALYSIS

### A.    Personal Jurisdiction Exists Over Defendants and Venue is Proper

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may bring a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406.  The burden is on the defendant to merely show that, "all relevant things considered, the case would be better off transferred to another district."  In re United States, 273 F.3d 380, 388 (3d Cir. 2001).  Although they allege improper venue, Defendants appear to acknowledge that venue would be proper given personal jurisdiction, which makes the determination of personal jurisdiction the optimal consideration. (Defs.' Br. at 4 n.2.)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion challenging the court's right to exercise personal jurisdiction over them.  "[O]nce the defendant

raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir.), cert. denied 506 U.S. 817 (1992).  In doing so, the plaintiff must "establish[] jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone . . . ." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)(citation omitted).

Federal Rule of Civil Procedure 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)(citation omitted).  Personal jurisdiction over a non-resident defendant is proper where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)(citations omitted).  Thus, where "a corporation purposefully avails itself of the privilege of conducting activities within the forum State, . . . it has clear notice that it is subject to suit there . . . ." Id.

This Court has stated that "New Jersey's long arm jurisdiction permits the assertion of *in personam* jurisdiction as far as is constitutionally permissible under the Fourteenth Amendment." Eaton Corp. V. Maslym Holding Co., 929 F. Supp. 792, 796 (D.N.J. 1996)(citations omitted).  Thus, the existence of personal jurisdiction is limited only by due process concerns and can exist where there is general or specific jurisdiction over the defendants. Id.  General jurisdiction is established by demonstrating that the defendant has systematic and continuous contacts with the forum state." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414

n.9 (1984)).  Specific jurisdiction is established where the litigation arises out of or relates to the defendant's forum contacts, provided that the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Id. (citing Helicopteros, 466 U.S. at 414).

  Here, Commence alleges that Selltis has sufficient minimum contacts with New Jersey related to the cause of action for a finding of specific or general jurisdiction.  Specifically, Commence alleges that Defendants transact business in New Jersey, repeatedly contacted Commence in New Jersey, that the Individual Defendants acted on behalf of Selltis in negotiating the license agreement, and set up a sales office in New Jersey.  Therefore, Plaintiff has sufficiently established a prima facie case that personal jurisdiction exists.  See Carteret Sav. Bank, 954 F.2d at 142 n.1 (citations omitted); 2 James Wm. Moore et al., *Moore's Federal Practice* §12.31[5] (3d ed. 2005).  Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

  B.  <u>Fiduciary Shield Doctrine Does Not Preclude Suit Against Individual Defendants</u>

  The Individual Defendants additionally allege that, even were the Court to find personal jurisdiction against Selltis, personal jurisdiction does not extend to them because they acted as business agents and are protected by the fiduciary shield doctrine.  However, this Court recently addressed a similar matter and adopted the Fourth Circuit's reasoning in holding that "if the complaint sufficiently alleges that the defendants had a direct personal involvement in a tort committed in the forum state, then personal jurisdiction over the defendants does not conflict with the fairness required by the due process clause."  In re Royal Dutch/Shell Transport Sec. Litig., 380 F. Supp. 2d 509, 550 (D.N.J. 2005)(Bissell, C.J.)(citations omitted).  Furthermore, the

4

Court recognized the limited reach of the fiduciary shield doctrine with respect to tort cases. Id. The Court also noted the applicable exceptions to the fiduciary shield doctrine: the commission of tortious acts in a corporate capacity and the violation of a statutory scheme that provides for personal, as well as corporate, liability. Id. at 550 n.10.

This Court found the Fourth Circuit's reasoning consistent with the Supreme Court's holding in Calder v. Jones, 465 U.S. 783 (1984). There, the Supreme Court concluded "that while defendants' contacts with the forum 'are not to be judged according to their employer's activities there, . . . their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually.'" In re Royal Dutch, 380 F. Supp. 2d at 550 (quoting Calder, 465 U.S. at 790). Therefore, with the allegations against Selltis and the Individual Defendants of the commission of torts in New Jersey, the fiduciary shield doctrine offers no protection to the Individual Defendants, especially considering that the first exception is applicable here. As a result, this Court's jurisdiction extends to the Individual Defendants and Defendants' motion to dismiss is denied.

      C.      Copyright Registration is Prerequisite Only to Filing of Infringement Suit

Defendants contend that Commence's Complaint should be dismissed because Commence failed to register the copyright prior to the alleged acts and registration of a copyright is a prerequisite for filing an infringement suit. Commence challenges Defendants' assertion that the crux of the Complaint is the infringement claim in that Commence has also brought unfair competition and conversion claims that were not specifically challenged by Defendants.

"[N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance

with this title." 17 U.S.C. § 411.  Further, this Court has adopted the Fifth Circuit's holding that the requirements of Section 411 are satisfied when an application for registration, fee, and deposit are received at the Copyright Office.  Sebastian Int'l., Inc. v. Consumer Contact (PTY) Ltd., 664 F. Supp. 909, 912 (D.N.J. 1987), *vacated on other grounds*, 847 F.2d 1093 (3d Cir. 1988)(citing Apple Barrel Productions v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984)).

Defendants allege that Commence did not register its copyright until June 20, 2005, yet the allegations of copyright infringement took place in 2003, 2004, and May 2005.  Commence alleges that registration is a prerequisite for *filing* an infringement action, but not a prerequisite for ownership of a copyright, although acknowledging that registration is a prerequisite for the award of statutory damages and attorney's fees.  See 17 U.S.C. § 412.

A House report accompanying Section 411 states that "a copyright owner who has not registered his claim can have a valid cause of action against someone who has infringed his copyright, but he cannot enforce his rights in the courts until he has made registration."  H.R. Rep. No. 94-1476, at 157 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5773.  Furthermore, "[o]nce registration takes place, a subsequent infringement action may address infringing acts that occurred either after or before that registration, provided that the filing of the infringement action occurs within the term set in the statute of limitations."  2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (2005).  Although no Third Circuit authority squarely addresses that reasoning, there is similarly none that rejects it.  Therefore, where, as here, Plaintiff registered the copyright before filing the Complaint, a cause of action exists for the alleged acts occurring prior to registration and Defendants' motion to dismiss under Rule 12(b)(6) is denied.

      D.      <u>Transfer of Case</u>

With personal jurisdiction over Defendants established, venue is proper in the District of New Jersey. The Court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer this action to any other district where it might have been brought. 28 U.S.C. § 1404(a). Additionally, the decision to transfer must incorporate "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice better served by transfer to a different forum." <u>Rappoport v. Steven Spielberg, Inc.</u>, 16 F. Supp. 2d 481, 498 (D.N.J. 1998)(quoting <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995)). The burden is on the moving party "to show the proposed alternative forum is not only adequate, but also more convenient than the present forum." <u>Id.</u> at 499 (citations omitted). Furthermore, the Third Circuit deems the plaintiff's choice of forum a "paramount concern" and "'entitled to greater deference' when a plaintiff chooses its home forum." <u>Id.</u> (citations omitted).

Although Defendants cite the decision in <u>D'Anton Jos, S.L. v. Doll Factory, Inc.</u>, 937 F. Supp. 320 (S.D.N.Y. 1996), for support, the district court there acknowledged the substantial weight given to plaintiff's choice of forum in all cases but those where there is "little material connection between the chosen forum and the facts and issues of the case." <u>Id.</u> at 323. Given the material connection of the facts and issues of the case with this forum, this Court finds that a consideration of all factors, including the convenience of the parties and witnesses and the interests of justice, weighs in favor of denying Defendants' motion to transfer the case pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, or, in the alternative, to transfer, is denied. Defendants must file their answer to Commence's Complaint within twenty (20) days of the entry of this Memorandum Opinion and accompanying Order.

Dated: March 3, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.